IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Berkshire Hathaway Direct Insurance Company, | C.A. No. 7:22-cv-01757-DCC |
| Plaintiff | |
| v. | **OPINION AND ORDER** |
| Good Times Ent LLC; Haronica Webber; Allen Crump; MRS Properties LLC; and DaShunna Carpenter, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings. ECF No. 28. Defendant Filed a Response in Opposition, and Plaintiff filed a Reply. ECF Nos. 36, 39. For the reasons set forth below, the Motion is granted in part and denied in part.

## **BACKGROUND**

This case arises from a car accident that occurred on July 31, 2021. ECF No. 28 at 4. During the late evening of July 30, 2021, and early morning of July 31, 2021, Waynedricus Brown ("Brown") consumed alcohol at Defendant Good Times Ent LLC ("Good Times")—a restaurant owned and operated by Defendants Haronica Webber and Allen Crump—served by one or more of its employees. *Id.* While in an intoxicated condition, Brown operated a motor vehicle and struck Defendant DaShunna Carpenter's ("Carpenter") vehicle. *Id.* Prior to the accident, Plaintiff Berkshire Hathaway Direct Insurance Company ("BHDIC") issued a liability insurance policy (the "Policy") to Good

Times for the period of August 25, 2020, to August 25, 2021. *Id.* at 1, 6. The Policy also extends to Defendant MRS Properties LLC ("MRS"), who owns the property on which Good Times is located. *Id.* at 1.

On March 29, 2022, Carpenter, through her counsel, submitted a demand letter to BHDIC advising the company that she had suffered significant injuries as a result of the car accident. *Id.* The letter asserted that Good Times overserved alcohol to Brown and demanded that BHDIC pay the Policy limits in exchange for a full and final release of all claims against Good Times. *Id.* at 5. The demand letter attached a draft complaint in which Carpenter alleged multiple counts of negligence and violations of S.C. Code Ann. §§ 64-4-589 and 61-6-2220. *Id.*

Thereafter, BHDIC learned that neither Good Times nor MRS ever obtained a liquor license in the state of South Carolina and on April 20, 2022, informed Carpenter that it would not pay the Policy limits because "there is no coverage for this incident under the Policy." *Id.* at 6. In its original state, the Policy contained the following exclusion for any insureds in the business of selling alcohol:

> liability is excluded for '[b]odily injury' or 'property damage' for which any insured may be held liable for reason of:
>
> (1) Causing or contributing to the intoxication of any person;
>
> (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

*Id.* at 7. However, an endorsement later modified this exclusion to exclude any "'[b]odily injury' or property damage' arising out of any alcoholic beverage sold, served or furnished while any required license is not in effect." ECF No. 1-3 at 17. On June 3, 2022, BHDIC

2

filed a Complaint asserting claims for declaratory relief pursuant to 28 U.S.C. § 2201 and requesting a judicial declaration that "BHDIC has no duty to defend or indemnify any of [the insureds under the Policy] with respect to DaShunna Carpenter's alleged injuries," that the Policy is void based on Good Times' alleged misrepresentations, and that BHDIC has no obligations under the Policy because notice of any claims was untimely. ECF No. 1 at 11–14. In addition, BHDIC asserted a claim for misrepresentation against Good Times. *Id.* at 13. On September 20, 2022, Carpenter filed an Answer including three counterclaims against BHDIC for breach of contract, bad faith, and invasion of privacy. ECF No. 20. On November 1, 2022, BHDIC filed a Motion for Judgment on the Pleadings with respect to Count I of the Complaint and Carpenter's counterclaims. ECF No. 28. On December 13, 2022, Carpenter filed a Response in Opposition, and on December 27, 2022, BHDIC filed a Reply to Carpenter's Response in Opposition. ECF Nos. 36, 39. On May 9, 2023, a hearing was held regarding Plaintiff's Motion for Judgment on the Pleadings. ECF No. 56. Accordingly, this matter is ripe for review.

## **APPLICABLE LAW**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[A] motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat'l Trust Co. v. IRS*, 361 F. App'x. 527, 529 (4th Cir. 2010) (citing *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009)); *see also Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The key difference between a Rule 12(b)(6) motion and a Rule 12(c)

3

motion is that on a 12(c) motion, the court "consider[s] the answer as well as the complaint" and "documents incorporated by reference in the pleadings." *Fitchett v. Cnty. of Horry, S.C.*, C/A No. 4:10-cv-1648-TLW-TER, 2011 WL 4435756, at *3 (D.S.C. Aug. 10, 2011) (citations omitted).

To that end, Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule 12(b)(6) motion, the court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

Therefore, to survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint

has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ANALYSIS

As stated above, Plaintiff is moving for judgment on the pleadings as to Count I of the Complaint and Carpenter's counterclaims. For the reasons that follow, the Court finds that the Motion should be granted in part and denied in part.

**I.**     **Plaintiff's Claim for Declaratory Judgment (Count I)**

Plaintiff contends that it is entitled to judgment on the pleadings with respect to Count I of its Complaint seeking declaratory relief that BHDIC has no duty to defend or indemnify based on the liquor liability endorsement in the Policy. ECF No. 28 at 1. Plaintiff contends that the endorsement bars insurance coverage for all "'[b]odily injury' or 'property damage' arising out of any alcoholic beverages sold, served or furnished while any required license is not in effect." *Id.* at 12. Plaintiff argues that this language means that the Policy does not afford coverage for injuries stemming from the service of alcohol at Good Times because Good Times never obtained a South Carolina liquor license. *Id.* at 13. Plaintiff further contends that applying the Policy to Carpenter's claims does not violate public policy because exclusions in insurance policies based on liquor liability "have never been set aside in South Carolina based on 'public policy.'" *Id.* at 16.

In contrast, Carpenter argues that the liquor liability endorsement should not apply because evidence exists to suggest that the insureds—Good Times and MRS Properties—did not furnish, sell, or supply alcohol to Brown prior to the accident. ECF No. 36 at 15. Specifically, Carpenter argues that on the evening of July 30, 2021, Brown attended a fundraising event at Good Times, with no indication that Good Times hosted

5

the event as a for-profit venture. *Id.* at 14–15. Carpenter contends that Good Times may have only allowed the fundraising event to occur on the premises. *Id.* at 15. Carpenter argues that if the liquor liability endorsement applies, it should be deemed unenforceable as violating South Carolina's public policy of protecting victims of drunk driving.[1] *Id.* at 16.

Here, the Court finds that additional facts are needed to decide whether Good Times sold, served, or furnished alcohol to Brown. Accordingly, Plaintiff is not entitled to judgment on the pleadings in regard to its claim for declaratory judgment under Count I of the Complaint. In Carpenter's Response, she contends that the liquor liability endorsement does not apply because Good Times may have only allowed a fundraising event to be held and may not have sold, served, or furnished alcohol to any individuals, including Brown. ECF No. 36 at 15. Carpenter's contention is supported by the demand letter attached to the Complaint as an exhibit and states "Brown was at an event at Good Times on the evening in question to raise money for yet another gun violence victim." ECF No. 1-1 at 31. At the hearing held on May 9, 2009, the parties disputed whether an event was held at Good Times and whether Good Times served, sold, or furnished alcohol

---

[1] Carpenter also contends that Defendant's Motion should be denied because Carpenter asserts that S.C. Code Ann. § 61-2-145(C) imposes an obligation on insurers to notify the South Carolina Department of Revenue when an insurance policy lapses or terminates, and Plaintiff failed to do so. *Id.* at 13–14 (citing S.C. Code Ann. §61-2-145(C)). However, the record does not reflect that Good Times allowed the Policy to lapse or terminate. In addition, in *Denson v. National Casualty Co.*, the Supreme Court of South Carolina held that "[S.C. Code Ann. § 61-2-145] does not create a private cause of action against an insurer for its failure to report an insured's lapse or termination of liquor liability coverage." 886 S.E.2d 228, 234 (S.C. 2023).

6

to Brown.  Accordingly, a dispute exists as to whether the liquor liability endorsement applies, and further discovery is needed to resolve Plaintiff's claim.

## II.     Carpenter's Counterclaims for Breach of Contract and Bad Faith

Plaintiff next argues that it is entitled to judgment on the pleadings with respect to Carpenter's counterclaims.  ECF No. 28 at 3.  Plaintiff contends that Carpenter's claim for breach of contract should be dismissed because Carpenter lacks contractual privity with BHDIC and because Carpenter's allegation that she is an intended beneficiary of the Policy between BHDIC and Good Times/MRS Properties lacks merit because Carpenter cannot show that the Policy directly benefits her in any way.  *Id.* at 18.  Similarly, Plaintiff contends that Carpenter's bad faith claim fails because Carpenter is not a party to the Policy and cannot prove that she is an intended beneficiary.  *Id.* at 19.

In contrast, Carpenter asserts that she has standing to bring such claims under S.C. Code Ann. § 61-2-145 because she is in the class of individuals the statute is meant to protect, i.e., an individual injured by a patron overserved alcohol at a restaurant, bar, or other similar establishment.  ECF No. 36 at 18 (citing S.C. Code Ann. § 61-2-145).  Carpenter also contends that she is "the potential primary beneficiary" under the Policy between Plaintiff and the insureds, and as a result, is entitled to stand in the shoes of those parties in privity of contract with Plaintiff.  *Id.* at 17–18.

Here, Carpenter's counterclaims for breach of contract and bad faith fail, and Plaintiff is entitled to judgment on the pleadings as to these claims.  As an individual injured by an intoxicated individual who may or may not have been served alcohol by a party insured under an insurance policy, Carpenter is not in privity of contract with the company providing insurance to the insured, i.e., BHDIC.  Because Carpenter is not in

privity of contract with BHDIC, Carpenter does not have standing to bring claims related to the contract—breach of contract and bad faith. *See Greene v. Life Care Ctrs. of Am., Inc.*, C.A. No. 2:07-cv-1648-PMD, 2008 WL 5378259, at *10 (D.S.C. Dec. 23, 2008) (citing *Hardaway Concrete Co. v. Hall Contracting Corp.*, 647 S.E.2d 488, 492–93 (S.C. Ct. App. 2007) (quoting *Bob Hammond Constr. Co. v. Banks Constr. Co.*, 440 S.E.2d 890, 891 (S.C. Ct. App. 1994) (stating that "[g]enerally, a third person not in privity of contract with the contracting parties does not have a right to enforce the contract"))). While Carpenter argues that she is a "potential primary beneficiary" of the Policy, nothing in the Policy suggests that the parties contemplated providing any benefit to Carpenter. In fact, "the Policy does not mention Carpenter by name or impliedly." ECF No. 28 at 18; *see also Trancik v. USAA Ins. Co.*, 581 S.E.2d 858, 861 (S.C. Ct. App. 2003) (stating that "the third party, or the incidental beneficiary, does not have a contractual relationship with the insurer and cannot maintain an action against the insurer for breach of the insurance contract"). In order to bring a claim for bad faith for failure to pay under an insurance policy, a party must show "the existence of a mutually binding contract of insurance between the plaintiff and defendant," which Carpenter has failed to do. *Universal N. Am. Ins. Co. v. Canty*, C.A. 4:19-cv-01285-DCC, 2020 WL 12833467, at *4 (D.S.C. Aug. 3,

2020) (citing *Cock-N-Bull Steak House, Inc. v. Generali Ins. Co.*, 466 S.E.2d 727, 730 (S.C. 1996)).[2]  Accordingly, Plaintiff's Motion is granted as to these claims.

### III.     Carpenter's Counterclaim for Invasion of Privacy

Plaintiff argues that it is entitled to judgment on the pleadings with respect to Carpenter's invasion of privacy claim because (1) Plaintiff is immune from such a claim; (2) Carpenter, not Plaintiff, publicized private information to others; (3) Carpenter's actions resulted in a waiver of any right she may have had in keeping the information private; (4) the information contained in the demand letter is essential to BHDIC's Complaint; and (5) the information contained in the demand letter is not the type of information that would create shame or humiliation.  ECF No. 28 at 20.

In contrast, Carpenter contends that her counterclaim for invasion of privacy should not be dismissed because Plaintiff publicized Carpenter's medical information by attaching the demand letter as an exhibit to the Complaint without redacting any medical information.  ECF No. 36 at 19.  Carpenter argues that her medical information has now been disseminated widely across the internet, beyond only court filings.  *Id.* at 20.

Here, Carpenter's claim for invasion of privacy also fails because it is well settled in South Carolina that judicial proceedings are immune from invasion of privacy claims. *See Rycroft v. Gaddy*, 314 S.E.2d 39, 43 (S.C. Ct. App. 1984) (citing *Wolfe v. Arroyo*, 543 S.W.2d 11, 13 (Tex. Civ. App. 1976) (stating that "[c]ommunications in judicial proceedings are absolutely privileged and immune from an action for invasion of privacy")); *Gallipeau v. Correct Care Sols.*, 2011 WL 4502062, at *5 (D.S.C. Aug. 5, 2011),

---

[2] As to Carpenter's claim that she has standing to bring her breach of contract and bad faith counterclaims under S.C. Code Ann. § 61-2-145, Carpenter points to no authority supporting this argument, and the Court is not aware of any such authority.

*report and recommendation adopted by* 2011 WL 4502043 (D.S.C. Sept. 29, 2011) (citing *Snakenberg v. Hartford Cas. Ins. Co.*, 383 S.E.2d 2, 6 (S.C. Ct. App. 1989) (holding that "[p]laintiff's allegations that his medical records were filed in judicial proceedings does not constitute an 'intrusion' necessary to state a cause of action for wrongful intrusion")). In addition, Carpenter's claim fails because the act of filing private information in a judicial proceeding does not satisfy the publicizing element in an invasion of privacy claim and instead constitutes mere publication. *See Gallipeau*, 2011 WL 4502043, at *6 (citing *Swinton Creek Nursery v. Edisto Farm Credit*, 514 S.E.2d 126, 131 (S.C. 1999)). Accordingly, Plaintiff's Motion is granted as to this claim.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Judgment on the Pleadings [28] is **GRANTED in part and DENIED in part** as set out.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

September 28, 2023
Spartanburg, South Carolina