IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Berkshire Hathaway Direct Insurance Company, | C.A. No. 7:22-cv-01757-DCC |
| Plaintiff | |
| v. | **OPINION AND ORDER** |
| Good Times Ent, LLC; Haronica Webber; Allen Crump; MRS Properties, LLC; and DaShunna Carpenter, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Partial Reconsideration and Defendant DaShunna Carpenter's ("Defendant Carpenter") Motion for Leave to File Amended Answer. ECF Nos. 59, 60. Plaintiff and Defendant Carpenter both filed Responses in Opposition and Replies. ECF Nos. 61, 62, 64, 65. Plaintiff also filed a Sur-Reply to Defendant Carpenter's Motion. ECF No. 69. For the reasons set forth below, both Motions are denied.

## **BACKGROUND**

This case arises from a car accident that occurred on July 31, 2021. ECF Nos. 1 at 4; 1-2 at 4–5. During the late evening of July 30, 2021, and early morning of July 31, 2021, Waynedricus Brown ("Brown") consumed alcohol at Defendant Good Times Ent, LLC ("Defendant Good Times")—a restaurant owned and operated by Defendants Haronica Webber ("Defendant Webber") and Allen Crump ("Defendant Crump"). ECF

Nos. 1 at 4; 1-2 at 4–5. While in an intoxicated condition, Brown operated a motor vehicle and struck Defendant Carpenter's vehicle. ECF No. 1-2 at 5. Prior to the accident, Plaintiff issued a liability insurance policy (the "Policy") to Defendant Good Times for the period of August 25, 2020, to August 25, 2021. ECF No. 1 at 1, 5. The Policy also extends to Defendant MRS Properties, LLC ("Defendant MRS"), who owns the property on which Defendant Good Times is located. *Id.* at 1, 4–6.

On March 29, 2022, Defendant Carpenter, through her counsel, submitted a demand letter to Plaintiff advising the company that she had suffered significant injuries as a result of the car accident. *Id.* at 3–5; ECF No. 1-1. The letter asserted that Defendant Good Times overserved alcohol to Brown and demanded that Plaintiff pay the Policy limits in exchange for a full and final release of all claims against Defendant Good Times. ECF No. 1 at 8. The demand letter attached a draft complaint in which Defendant Carpenter alleged multiple counts of negligence and violations of S.C. Code Ann. §§ 64-4-589 and 61-6-2220. ECF No. 1-2 at 5–9.

Thereafter, BHDIC learned that neither Defendant Good Times nor Defendant MRS ever obtained a liquor license in the state of South Carolina and on April 20, 2022, informed Carpenter that it would not pay the Policy limits because "there is no coverage for this incident under the Policy." ECF No. 1 at 8–9. In its original state, the Policy contained the following exclusion for any insureds in the business of selling alcohol:

> liability is excluded for '[b]odily injury' or 'property damage' for which any insured may be held liable for reason of:
>
> (1) Causing or contributing to the intoxication of any person;
>
> (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

*Id.* at 6.  However, an endorsement later modified this exclusion to exclude any "'[b]odily injury' or property damage' arising out of any alcoholic beverage sold, served or furnished while any required license is not in effect."  ECF No. 1-3 at 17.  On June 3, 2022, Plaintiff filed a Complaint asserting claims for declaratory relief pursuant to 28 U.S.C. § 2201 and requesting a judicial declaration that "BHDIC has no duty to defend or indemnify any of [the insureds under the Policy] with respect to DaShunna Carpenter's alleged injuries," that the Policy is void based on Good Times' alleged misrepresentations, and that Plaintiff has no obligations under the Policy because notice of any claims was untimely.  ECF No. 1 at 11–14.  In addition, Plaintiff asserted a claim for misrepresentation against Defendant Good Times.  *Id.* at 13.  On September 20, 2022, Defendant Carpenter filed an Answer including three counterclaims against Plaintiff for breach of contract, bad faith, and invasion of privacy.  ECF No. 20.  On November 1, 2022, Plaintiff filed a Motion for Judgment on the Pleadings with respect to Count I of the Complaint and Defendant Carpenter's counterclaims, and the Court denied the Motion on September 28, 2023.  ECF Nos. 28, 58.  On October 26, 2023, Plaintiff filed a Motion for Partial Reconsideration.  ECF No. 59.  On November 9, 2023, Defendant Carpenter filed a Motion for Leave to File Amended Answer.  ECF No. 60.  Plaintiff and Defendant Carpenter both filed Responses in Opposition and Replies.  ECF Nos. 61, 62, 64, 65.  Plaintiff also filed a Sur-Reply to Defendant Carpenter's Motion.  ECF No. 69.  Accordingly, this matter is ripe for review.

## APPLICABLE LAW

*Motion for Reconsideration*

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Instead, Rule 54(b) provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Because the Fourth Circuit has offered little guidance on the standard for evaluating a Rule 54(b) motion, district courts look to the standards of motions under Rule 59 for guidance. *Sanders v. Lowe's Home Ctrs, LLC*, C.A. No. 0:15-cv-02313-JMC, 2016 WL 5920840, at *2 (D.S.C. Oct. 11, 2016). "Therefore, reconsideration under Rule 54 is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." *Id.*; *see also Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). "However, a motion to reconsider an interlocutory order should not be used to rehash arguments the court has already considered merely because the movant is displeased with the outcome." *South Carolina v. United States*, 232 F.Supp.3d 785, 793 (D.S.C. 2017). "Nor should such a motion be used to raise new arguments or evidence that could have been raised previously." *Id.*

**Motion to Amend**

4

Federal Rule of Civil Procedure 15(a) states that a party may amend its pleading as a matter of course within 21 days after serving it or 21 days after service of a responsive pleading or motion.  Fed R. Civ. P. 15(a)(1).  After that time, a party may amend its pleading "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The Rule provides that the court "should freely give leave when justice so requires."  *Id*.  Leave to amend under Rule 15(a) "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile."  *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009).  "If an amendment would fail to withstand a motion to dismiss, it is futile."  *Woods v. Boeing Co.*, 841 F. Supp. 2d 925, 930 (D.S.C. 2012) (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).

## ANALYSIS

**I.     Plaintiff's Motion for Partial Reconsideration**

Plaintiff contends that "[t]he Court's interpretation of the Liquor Liability Endorsement is clear error and will result in manifest injustice because it adds a material and entirely new requirement found nowhere in the endorsement."  ECF No. 59 at 4.  Plaintiff argues that the Court added the requirement that the insured be the only party to sell, serve, or furnish an alcoholic beverage for the exclusion to apply.  *Id.* at 5.  Plaintiff asserts that the endorsement language is unambiguous and that it "applies to the insured's liability for <u>*anyone's*</u> service, selling or furnishing of liquor—including the driver's furnishing of the liquor."  *Id*.  Further, Plaintiff contends that "[i]nsurers have a clear right to exclude liability for the service, sale or furnishing of liquor without a license, no matter

5

who is involved."[1]  Id. at 6.  Plaintiff also argues that the Court improperly considered "alternative" allegations recited by Defendant Carpenter in her Response to Plaintiff's Motion for Judgment on the Pleadings.  Id. at 7–8.  In support, Plaintiff argues that Defendant Carpenter attached her amended state court complaint as an exhibit to her above referenced Response and that the Court, in reciting arguments contained therein, "impermissibly based its Rule 12(c) Order on allegations outside of the pleadings in this case."  Id. at 8–9.

In contrast, Defendant Carpenter contends that the Court properly decided Plaintiff's Motion for Judgment on the Pleadings.  ECF No. 61 at 1.  Defendant Carpenter argues that "there are factual questions as to whether alcohol was sold, served, or furnished to Brown" and that Plaintiff could be held liable under theories outside of dram shop liability.  Id.  In addition, Defendant Carpenter asserts "Brown may have obtained or consumed alcohol in a manner in which no license was required."  Id. at 2.  As to Plaintiff's arguments that the Court improperly relied on Defendant Carpenter's state court complaint, Defendant Carpenter contends that "the Court's [O]rder . . . makes no reference to the state complaint whatsoever."  Id.  She also argues that the Court relied on documents submitted by Plaintiff.  Id.

Having reviewed the applicable law and arguments and submissions of the parties, the Court denies Plaintiff's Motion for Partial Reconsideration.  "The Fourth Circuit has

---

[1] In a footnote, Plaintiff argues that if a fundraising event took place at Defendant Good Times, no required license was in effect under South Carolina regulations because no license is required only where alcohol is served or consumed at no charge and that Defendant Carpenter allegedly "admits that it was not a 'noncommercial event.'" ECF No. 59 at 6 n.1.  As explained below, there is insufficient factual support for Plaintiff's argument at this procedural posture.

6

found three grounds for granting a motion for reconsideration under Federal Rule of Civil Procedure 54(b): '(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" *United States v. Wilder*, CR. No. 4:22-cr-00433-RBH, 2023 WL 8242211, at *2 (quoting *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 257 (4th Cir. 2018)).  The Court specifically notes that, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment."  *Am. Canoe Ass'n*, 326 F.3d at 514 (citation omitted).

Here, it cannot yet be determined whether Plaintiff is entitled to judgment as a matter of law.  Plaintiff argues that the Court committed "clear error" resulting in "manifest injustice" by allegedly imposing the requirement "that *the insured* be the one that sells, serves, or furnishes the liquor for the exclusion to apply."  ECF No. 59 at 5.  The standard for "clear error" and "manifest injustice" is as follows:

> A finding of clear error requires a "definite and firm conviction that a mistake has been committed."  This does not mean "just maybe or [even] probably wrong."  Clear error requires the "prior decision . . . [to] strike [the Court] with the force of a five-week-old, unrefrigerated dead fish."  "It must be dead wrong."  Manifest injustice is similarly demanding.  It requires showing "a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy."

*Kokinda v. Foster*, C.A. No. 3:21-cv-00154, 2024 WL 1099309, at *3 (N.D.W. Va. Mar. 13, 2024) (internal citations omitted).  The endorsement excludes any "'[b]odily injury' or property damage' arising out of any alcoholic beverage sold, served or furnished while *any required license is not in effect*."  ECF No. 1-3 at 17 (emphasis added).  In South Carolina, "[a]n event requires a special event permit when there is a sale of alcohol at the

7

event."  S.C. DEP'T OF REVENUE, ABL RULES AND REGULATIONS FOR CATERING & BARTENDING IN SOUTH CAROLINA, https://dor.sc.gov/tax-index/abl/Documents/SC-ABL-Catering-Bartending-Regulations.pdf (last visited May 28, 2024).  In its pleadings and attached exhibits, Plaintiff fails to sufficiently establish not only who sold, served, or furnished alcohol to Brown but also whether a license was required.² As a result, Plaintiff has not met its burden for the Court to reconsider its ruling on its Motion for Judgment on the Pleadings.  While the demand letter attached as an exhibit to Plaintiff's Complaint makes specific reference to "an event at Good Times on the evening in question to raise money for yet another gun violence victim[,]" ECF No. 1-1 at 31, there is no indication in the pleadings and attached exhibits whether "a sale of alcohol" occurred, and additional discovery is needed to make such a determination.

As to Plaintiff's argument that the Court impermissibly considered the amended state court complaint, the Court's September 28, 2023, Order denying Plaintiff's Motion for Judgment on the Pleadings does not cite nor rely on the amended state court complaint.  The Court recited each party's position as to Plaintiff's then-pending Motion and acknowledged that Defendant Carpenter's position is supported by the demand letter attached to Plaintiff's Complaint.  The Court is permitted to consider exhibits attached to the Complaint so long as they are integral to it and authentic.  The Court finds the exhibit is integral because the Complaint details Defendant Carpenter's demands contained in

---

² The Court notes that the Complaint states that Defendant Carpenter's demand letter asserts that Defendant Good Times overserved Brown.  ECF Nos. 1 at 3–4; 1-1 at 3.  Defendant Carpenter's state court complaint that Plaintiff attached to its Complaint in the present case also alleges as such.  ECF No. 1-2 at 4–5.  However, as indicated above, Plaintiff has not established who sold, served, or furnished alcohol to Brown in its pleadings.

8

the letter and Plaintiff's reasons for not acquiescing to the demands. Neither party contests the authenticity of the exhibits attached to the Complaint. *See Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (stating that a court, in ruling on a motion pursuant to Rule 12(c), may consider exhibits attached to a pleading "so long as they are integral to the complaint and authentic") (citations omitted). Accordingly, the Court denies Plaintiff's Motion for Partial Reconsideration.

## II.    Defendant Carpenter's Motion for Leave to File Amended Answer

Defendant Carpenter requests that the Court grant her "leave to amend her Answer to address the concerns raised by the Plaintiff." ECF No. 60-1 at 3. Further, Defendant Carpenter argues that Plaintiff will not be prejudiced by an amended answer because Plaintiff had access to any information contained in the initial state court complaint and demand letter when it filed its Complaint in the present case. *Id.*

In contrast, Plaintiff contends that allowing Defendant Carpenter to amend her Answer would be futile. ECF No. 64 at 2. Plaintiff argues that Defendant Carpenter's Motion should be denied because at the time she filed her Motion, she failed to attach a proposed amended pleading or indicate what the proposed amendment will be. *Id.* at 3. Moreover, Plaintiff asserts that Defendant Carpenter's Motion should be denied because she failed to explain why she could not have amended her Answer prior to Plaintiff's Motion for Judgment on the Pleadings. *Id.* at 4. Plaintiff also relies, in part, on *Hartfield ex rel. Hartfield v. McDonald*, 671 S.E.2d 380 (S.C. Ct. App. 2008), to contend that any amendment to Defendant's Carpenter's Answer would be futile because Plaintiff cannot be liable for Brown's actions as "he became intoxicated on [Defendant Good Times'] property by drinking alcohol they *did not* sell, serve, or furnish." *Id.* at 5–6.

9

In response, Defendant Carpenter filed a Reply and attached a proposed amended answer.  ECF No. 65.  Defendant Carpenter reiterates that Plaintiff incorporated the same information she now attempts to include in an amended answer when Plaintiff filed its Complaint in the present case.  *Id.* at 1.  In its Sur-Reply, Plaintiff contends that the proposed Amended Answer is futile, in part, because it "fail[s] to allege that anyone other [than Defendant] Good Times—the insured—served, sold, or furnished alcohol to Brown without a license."  ECF No. 69 at 2.  Plaintiff argues that Defendant Good Times cannot be held liable for an off-premises injury caused by an intoxicated individual "absent an allegation that the business itself sold the alcohol at issue to that person while the business knew or should have known the person to be intoxicated."  *Id.* at 3–4.  Lastly, Plaintiff asserts that "no amount of discovery will cure the Proposed Amended Answer's futility."  *Id.* at 4.

Having reviewed the applicable law and arguments and submissions of the parties, the Court denies Defendant Carpenter's Motion for Leave to File Amended Answer. "[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile."  *Matrix Cap. Mgmt. Fund, LP*, 576 F.3d at 193.  "If an amendment would fail to withstand a motion to dismiss, it is futile."  *Woods*, 841 F. Supp. 2d at 930 (citing *Perkins*, 55 F.3d at 917).

Here, Defendant Carpenter submits a proposed amended answer that contains the same counterclaims that the Court previously dismissed.  *See* ECF No. 58.  A court has discretion to deny a party's motion to amend if the party seeks to include claims previously dismissed.  *See Doe v. Lees-McRae Coll.*, C.A. No. 1:20-cv-00105-MR, 2021

10

WL 2673050, at *3 (W.D.N.C. June 29, 2021) (stating that "[t]he Court denies the Plaintiff's Motion to Amend to the extent the Plaintiff attempts to replead claims previously dismissed with prejudice").  Therefore, Defendant Carpenter's Motion is denied; however, the denial is without prejudice, and Defendant Carpenter may re-file her Motion with a new proposed amended answer within 14 days.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration [59] is **DENIED**, and Defendant Carpenter's Motion for Leave to File Amended Answer [60] is **DENIED** without prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 30, 2024
Spartanburg, South Carolina