IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Berkshire Hathaway Direct Insurance Company,<br><br>Plaintiff<br><br>v.<br><br>Good Times Ent LLC,<br>Haronica Webber, Allen Crump,<br>MRS Properties LLC, and<br>DaShunna Carpenter,<br><br>Defendants. | C.A. No. 7:22-cv-01757-DCC<br><br>**OPINION AND ORDER** |

This matter is before the Court on Plaintiff's Motion to Stay this case pending resolution of Defendant DaShunna Carpenter's ("Carpenter") underlying state tort action. ECF No. 95. For the following reasons, Plaintiff's Motion is granted.

**I. BACKGROUND**

This case arises from a car accident that occurred on July 31, 2021, in which non-party Waynedricus Brown ("Brown") operated a motor vehicle in an intoxicated condition and struck Carpenter's vehicle (the "Accident"). ECF Nos. 1 at 4; 1-2 at 4–5. At the time of the Accident, Brown had just left an event at Defendant Good Times Ent, LLC ("Good Times")—a restaurant owned and operated by Defendants Haronica Webber ("Webber") and Allen Crump ("Crump"). ECF Nos. 1 at 4; 1-2 at 4–5. Prior to the Accident, Plaintiff issued a liability insurance policy (the "Policy") to Good Times for the period of August 25, 2020, to August 25, 2021. ECF No. 1 at 1, 5. The Policy also extends to Defendant MRS

Properties, LLC ("MRS Properties"), who owns the property on which Good Times is located.  *Id.* at 1, 4–6.

On June 3, 2022, Plaintiff initiated this action seeking a declaratory judgment that it is not obligated to defend and/or indemnify its insured—Good Times and MRS Properties—under the Policy.  ECF No. 1 at 1.  Plaintiff alleges that because neither Good Times nor MRS Properties had a valid license to serve alcohol at the time of the accident, a Policy exclusion applies, and coverage does not exist.  *Id.* at 5–8.  In the alternative, Plaintiff alleges Good Times made material misrepresentations about the operation of its business, therefore voiding the Policy.  *Id.* at 7, 9–10.  While this action was pending, Carpenter brought an action against Good Times and MRS Properties in the Spartanburg County Court of Common Pleas (the "State Court").  *See Carpenter v. Good Times*, 2022-CP-4204471 (later consolidated with *Carpenter v. 2 B's, LLC*, 2024-CP-4203037) (the "Underlying Lawsuit").  The Underlying Lawsuit brings multiple tort claims against Good Times and MRS Properties based on the Accident.  *See id*.

On November 1, 2022, Plaintiff moved for judgment on the pleadings in this action, which the Court granted in part and denied in part.  ECF Nos. 28, 58.  In denying Plaintiff's Motion for Judgment on the Pleadings, the Court emphasized more discovery was needed to determine whether Good Times sold, served, or furnished alcohol to Brown.  ECF No. 58 at 6–7.  The Court later granted Carpenter leave to amend her answer and in doing so noted "the nature of the event Brown attended at Defendant Good Times is not readily apparent, so the Court cannot say that Defendant Carpenter's proposed amendment is futile without further discovery."  ECF No. 81 at 5.

On January 8, 2025, the Court held a telephone conference to discuss case progress and pending discovery. ECF No. 89. In this conference, Plaintiff informed the Court that the only discovery that had been taken in this action was an examination under oath ("EUO") of Brown's widow, Stacey Nicole Brown, wherein she stated that eyewitnesses had observed Brown drinking alcohol inside Good Times at a fundraiser that night. The Court directed Carpenter's counsel to conduct discovery within 60 to 90 days to gather facts concerning (1) how and whether Brown became intoxicated at Good Times, and (2) whether the event was one for which a liquor license was somehow not required under South Carolina law.

Since the telephone conference in this action, it does not appear to the Court that Carpenter has taken any depositions in this case. Instead, Plaintiff represents, and Carpenter does not dispute, that several depositions have been taken in the Underlying Lawsuit—including depositions of MRS Properties' owners (Mr. and Mrs. Carl Bijeau); Good Times's owners Webber and Crump; and Damont Jeter, one of the several eyewitnesses mentioned in the EUO. ECF No. 95 at 9. Because these depositions were taken in the Underlying Lawsuit, Plaintiff asserts it did not have the opportunity to ask any questions at those depositions. *Id.* Based on the proceedings in the Underlying Lawsuit and the nature of the claims in this action, Plaintiff now moves for a stay of these proceedings until the Underlying Lawsuit has been resolved. ECF No. 95. Carpenter objects to Plaintiff's request for a stay. ECF No. 100.

## II.  APPLICABLE LAW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for

itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The decision to grant or deny a motion to stay "calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1944).  The Court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.  "Traditionally, a court may consider the following factors when deciding whether to stay legal proceedings: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case is in fact stayed." *Brown-Thomas v. Hynie*, C.A. No. 1:18-cv-02191-JMC, 2019 WL 1043724, at *3 (D.S.C. Mar. 5, 2019) (quoting *Mitchell v. Lonza Walkersville, Inc.*, 2013 WL 3776951, at *2 (D. Md. July 17, 2013) (internal quotation marks omitted)).

Additionally, in considering whether a stay of a federal declaratory judgment action is appropriate pending resolution of related state court litigation, a district court should consider: "the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts," "whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending," "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law,'" and "whether the declaratory judgment action is being used merely as a device for 'procedural fencing.'" *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994).

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 862 (9th Cir. 1979). The decision to grant a stay is "generally left to the sound discretion of district courts." *Ryan v. Gonzales*, 568 U.S. 57, 76 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

### III.  ANALYSIS

Plaintiff contends the Court should stay this action pending the outcome of the Underlying Lawsuit.  ECF No. 95.  According to Plaintiff, the deposition testimony in the Underlying Lawsuit provides conflicting evidence on whether Brown was offered or served alcohol at Good Times on the night of the Accident.  *Id.* at 5.  Plaintiff contends this conflicting testimony is "highly significant" to this action because it means that a jury in the Underlying Lawsuit will be required to decide if Good Times served, sold or furnished Brown with alcohol that evening and "absent this finding, neither Good Times (nor MRS Properties) can possibly be held liable for any injuries or damage Brown may have caused Carpenter off-premises (and absent such liability, there will be nothing for [Plaintiff] to indemnify)."  *Id.* at 4–5 (citing *Jenkins v. CEC Entertainment Inc.*, 421 F.Supp.3d 257, 267 (D.S.C. 2019); S.C. Code. Ann. § 61-4-580(A)(2)).  Plaintiff represents it has hired two sets of independent defense counsel, at its own expense, to provide a full defense for Good Times and MRS Properties in the Underlying Lawsuit, and, thus, despite its

5

position that the Policy exception applies in this action, neither Good Times nor MRS Properties will be prejudiced by completion of the Underlying Lawsuit while this case is stayed. *Id.* at 6. Indeed, Plaintiff represents that MRS Properties agrees that a stay should be put in place. *Id.* Plaintiff asserts that a stay will avoid placing Plaintiff in a serious and unnecessary conflict with its insureds by having to take depositions that could prejudice their defense. *Id.*

Further, Plaintiff argues a stay will also prevent conflicting findings or rulings between this Court and the court in the Underlying Lawsuit. *Id.* Moreover, Plaintiff asserts all four *Nautilus* factors weigh in favor of staying this action because (1) South Carolina has a strong interest in preventing the overserving of alcohol under its Dram Shop Act and there are overlapping fact issues arising under South Carolina law; (2) the State Court would be a more efficient forum to resolve certain material issues of facts because Carpenter has taken multiple depositions in the Underlying Lawsuit and none have occurred in this action; (3) there is factual overlap and a strong likelihood of entanglement between this action and the Underlying Lawsuit; and (4) Plaintiff has not engaged in procedural fencing because it properly sought a declaratory judgment in this Court based on coverage defense supported by Carpenter's allegations. *Id.* at 12–18.

Carpenter, however, opposes Plaintiff's Motion because, in her view, a stay would undermine and complicate the ability of the Parties to fully litigate the Underlying Lawsuit. ECF No. 100 at 1. Carpenter contends a stay is not appropriate under *Nautilus* because Plaintiff is not a party to the Underlying Lawsuit and the request for determination of coverage is not before the State Court. *Id.* at 3. Carpenter argues entanglement is not an issue between the two actions because the issues in the instant case relate to

coverage, defense, and indemnification, whereas the Underlying Lawsuit resolves only the issue of tort liability.  *Id.* at 4.  Carpenter argues a stay will do nothing to clarify Plaintiff's obligation to its insured.  *Id.*  Carpenter also argues there are several issues related to Good Times and its owners' misrepresentations concerning the nature of its business operations that are relevant to this action but will not be resolved by the Underlying Lawsuit. *Id.* at 5.  Carpenter further contends that the Underlying Lawsuit may not resolve whether Brown was sold, serviced, or furnished alcohol at Good Times and so the Court should deny the requested stay.  *Id.* at 8.

Upon consideration of the *Nautilus* factors and the Parties' arguments, the Court finds that granting a stay is warranted.  Here, the State Court has a strong interest in deciding foundational issues in the case pending before it.  Further, proceeding with this action prior to resolution of Underlying Action will result in unnecessary entanglement with the State Court action if this Court proceeds upon a factual basis that is later contradicted by the State Court.  Specifically, whether Good Times sold, serviced, or furnished Brown with alcohol on the night of the Accident is a central issue for both Good Times's tort liability in the Underlying Lawsuit and the applicability of Policy exclusions in this action.  While Carpenter argues the State Court may not have to resolve these issues in the Underlying Lawsuit, the deposition testimony in the Underlying Lawsuit and theories of liability put the issue squarely before the State Court.  Moreover, the issues of indemnity in this action may be mooted if the court in the Underlying Lawsuit were to find there is no tort liability.  *See, e.g.*, *Mitcheson v. Harris*, 955 F.2d 235 (4th Cir. 1992) (explaining a declaration by the court on the duty to indemnify could be rendered totally unnecessary by a subsequent state court verdict for the insured in the underlying state action).  Further,

7

the Court does not consider procedural fencing to be a concern, as the case is properly before the Court based on diversity of citizenship among the parties and pursuant to the Federal Declaratory Judgment Act.  28 U.S.C. §§ 2201, 1332.  Accordingly, the Court finds a stay is proper in this action.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Stay [95] is **GRANTED**.[1]  The Parties are directed to file a status report updating the Court on the status of the Underlying Lawsuit within ninety (90) days of the entry of this Order.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 8, 2025
Spartanburg, South Carolina

---

[1] Because this action has been stayed, the Pending Motion to Amend Scheduling Order [98] is denied as moot.